U.S. MAGISTRATE COURT
JSH – SDTX
FILED

MAR 28 2014   DF

David J. Bradley, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § § | CASE NO. 5:09-CR-0961-01 |
| ENRIQUE RAMIREZ | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On March 24, 2014, the undersigned held a final hearing on the Government's petition to revoke supervised release (Dkt. No. 38). The Government was represented by Assistant United States Attorney Elizabeth Rabe. Defendant, Enrique Ramirez, was represented by Assistant Federal Public Defender John Gill.

Defendant was sentenced on December 3, 2009, before The Honorable U.S. District Judge George P. Kazen in the Southern District of Texas—Laredo Division, after pleading guilty to transporting an undocumented alien within the United States for commercial advantage by means of a motor vehicle, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of V, was 21 to 27 months. Defendant was subsequently sentenced to 24 months imprisonment, to be followed by three (3) years of supervised release subject to court-imposed conditions.

On May 21, 2012, Defendant completed his period of imprisonment and began service of the supervision term. On November 20, 2013, the instant petition to revoke was filed. In the petition, the Government alleges that Defendant violated the following conditions:

1) Drug possession, usage, distribution, or administration;

2) Failure to report change in residence and employment within ten days;

1

3) Failure to work regularly at a lawful occupation as directed;

4) Failure to perform community service hours as directed; and

5) Failure to follow USPO instruction.

Specifically, the Government alleges as follows:

On September 30, 2013, the defendant submitted a urine sample, which tested positive for marijuana. On October 4th, October 7th, and October 17th of 2013, the probation officer left voice messages and/or a message with the defendant's mother for the defendant to report to the probation office, which he did not. On October 7, 2013, the defendant's mother informed the probation officer that the defendant was no longer living with her, and she had no contact information regarding her son. Notably, the defendant never contacted the probation office regarding his change of residence. Further, the defendant's mother stated that, as of September 30, 2013, her son was no longer employed at Castro's Construction. The defendant also has not completed his 100 hours of community service. Consequently, since he has not reported to his appointments and has not completed his community service hours, the defendant has failed to follow the probation officer's instructions.

As noted above, the Court held a final revocation hearing on March 23, 2014. At the hearing on the Government's petition, Defendant pleaded true to the first, second, third, fourth, and fifth allegations. The undersigned determined that there was a factual basis in the record to support Defendant's plea of true to the above-mentioned allegations. The undersigned further found that Defendant did violate the conditions of his supervised release, as alleged in the Government's petition. The undersigned then advised that he would be recommending that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 120 days to serve. The undersigned further stated that he would be recommending that Defendant be placed back on supervised release until the original expiration date of May 20, 2015, under the same terms and conditions that were originally imposed. The undersigned advised that he would be recommending that an additional condition of up to 180 days of community confinement be included in Defendant's conditions of supervised release. Further, the undersigned stated that he would also recommend that Defendant should remain in the U.S. Marshal's custody until he can be placed in a community

confinement program. Finally, the undersigned stated that he would recommend that Defendant have an additional 12 months to complete his community service hours.

Based on the foregoing, it is **RECOMMENDED** that Defendant's plea of true to the first, second, third, fourth, and fifth allegations, as set forth in the Government's petition, be **ACCEPTED**.

Based upon Defendant's plea of true to these allegations, it is further **RECOMMENDED** that the Court find that Defendant violated the conditions of his supervised release.

It is further **RECOMMENDED** that Defendant's supervised release be **REVOKED**.

It is further **RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 days to serve.

It is further **RECOMMENDED** that Defendant be placed back on supervised release until the original expiration date of May 20, 2015, under the same terms and conditions that were originally imposed.

It is further **RECOMMENDED** that an additional condition of up to 180 days of community confinement be included in Defendant's conditions of supervised release.

It is further **RECOMMENDED** that Defendant remain in the U.S. Marshal's custody until he can be placed in a community confinement program.

Finally, it is **RECOMMENDED** that Defendant have an additional 12 months to complete his community service hours.

At the close of the May 23, 2014 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence

recommended in this report. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the report and recommendation immediately.

    SIGNED this 28th day of March, 2014 at Laredo, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge